**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | A.B.C. Home Furnishings, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | ABC Carpet & Home<br>ABC Home |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 1 3 – 3 2 7 6 9 1 5 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 888 Broadway | |
| Number    Street | Number    Street |
| | P.O. Box |
| New York          NY      10003 | |
| City             State    ZIP Code | City             State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| New York | |
| County | Number    Street |
| | |
| | City             State    ZIP Code |

5. **Debtor's website** (URL)    abchome.com

Debtor  __A.B.C. Home Furnishings, Inc.__    Case number (*if known*)_____
           Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | __4__  __4__  __2__  __2__ |

| | | |
|---|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br><br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>　☐ A plan is being filed with this petition.<br><br>　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>☐ Chapter 12 |

Debtor    __A.B.C. Home Furnishings, Inc.__    Case number (*if known*)_____
         Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.   District _____   When _____   Case number _____
                                                MM / DD / YYYY
             District _____   When _____   Case number _____
                                                MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.   Debtor   __See Schedule 1 attached__   Relationship _____
              District   __Southern District of New York__   When _____
                                                          MM / DD / YYYY
              Case number, if known   _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number       Street
                               _____
                               _____   _____ _____
                               City                                                  State  ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
              Contact name     _____
              Phone             _____

**Statistical and administrative information**

Debtor  __A.B.C. Home Furnishings, Inc._____    Case number (*if known*)_____
Name

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | **Estimated number of creditors**<br>(on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

| 15. | **Estimated assets**<br>(on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| 16. | **Estimated liabilities**<br>(on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☒ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on __09/08/2021__<br>MM / DD / YYYY<br><br>✘ __/s/ Aaron Rose_____    __Aaron Rose_____<br>Signature of authorized representative of debtor    Printed name<br><br>Title __Chief Executive Officer_____ |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

Debtor __A.B.C. Home Furnishings, Inc.__    Case number (if known)_____
       Name

18. **Signature of attorney**    ✘  /s/ Oscar N. Pinkas    Date    09/08/2021
                                    Signature of attorney for debtor         MM / DD / YYYY

Oscar N. Pinkas
Printed name

Greenberg Traurig, LLP
Firm name

200 Park Avenue
Number      Street

New York                                                            NY          10166
City                                                                State       ZIP Code

(212) 801-9200                                              pinkaso@gtlaw.com
Contact phone                                               Email address

4528824                                                     NY
Bar number                                                  State

Debtor   <u>A.B.C. Home Furnishings, Inc.</u>                                    Case number (*if known*)_____

# SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of A.B.C. Carpet Co., Inc.

1. A.B.C. Home Furnishings, Inc.
2. A.B.C. Carpet Co., Inc.
3. A.B.C. Oriental Carpets, Inc.

In addition, on July 21, 2021, Amma421, LLC (the "<u>Affiliate</u>"), which is an affiliate, as defined in section 101(2) of the Bankruptcy Code, of each of the Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Affiliate's chapter 11 case is pending before Judge David S. Jones as case number 21-11333-DSJ. The Debtors have not, at this time, moved for joint administration of the Debtors' cases with the Affiliate's case.

# RESOLUTIONS
# OF THE
# BOARD OF DIRECTORS
# OF
# A.B.C. HOME FURNISHINGS, INC.

**Adopted at a Meeting Held on September 8, 2021**

The following resolutions were adopted by a majority of the members of the Board of Directors (the "**Board**") of A.B.C. HOME FURNISHINGS, INC., a New York corporation (the "**Corporation**"), at a duly convened meeting of the Board, in accordance with the New York Business General Corporation Law (the "**BCL**") and the Corporation's organizational documents. The following resolutions shall be added to the corporate records of the Corporation and made a part thereof.

A. **Chapter 11 Filing**

**WHEREAS**, the Board has considered presentations by the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business;

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Corporation and fully consider each of the strategic alternatives available to the Corporation; and

**WHEREAS**, the Board has reviewed and has had the opportunity to consult with the financial and legal advisors of the Corporation regarding the materials prepared in contemplation of a filing under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and the Board has recommended the adoption of these resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interest of the Corporation, its creditors, stockholders and other parties in interest, that the Corporation shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (such case, a "**Chapter 11 Case**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") and any other petition for relief or reorganization or other order that may be desirable under applicable law in the United States;

**FURTHER RESOLVED**, that any duly appointed officer, or other person acting at the direction of the Board, as applicable (each, an "**Authorized Signatory**" and collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporation all petitions, schedules, lists and other motions, papers, or documents, and to take any and all actions deemed necessary, proper, or convenient to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Corporation's business; and

**FURTHER RESOLVED**, that all acts and deeds previously performed by any Authorized Signatory prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, adopted and approved in all respects as the authorized acts and deeds of the Corporation.

### B. Escrow Return Request to ASK LLP

**WHEREAS**, the Board previously authorized that certain funds of the Corporation be escrowed with the law firm of ASK LLP ("**Escrowed Funds**") pending further decisions of the Board.

**WHEREAS**, the Board has determined that the Escrowed Funds should be returned to the Corporation prior to the commencement of the Chapter 11 Case.

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to promptly request that the Escrowed Funds be returned to the Corporation prior to the commencement of the Chapter 11 Case, and to execute any documents in connection therewith.

### C. WARN Notices

**WHEREAS**, the Board has determined that the Corporation should send Worker Adjustment and Retraining Notices ("**WARN Notices**") to the Corporation's employees;

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to promptly issue, or cause to be issued, WARN Notices to the Corporation's employees informing them of the (i) termination of their employment with the Corporation, as of September 8, 2021, or (ii) possibility of termination during the Chapter 11 Case, as is applicable; and

**FURTHER RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to communicate with the Local 810, Teamsters, Chauffeurs, Warehousemen, Helpers, Drivers, Rug Cleaners, Dyers, Handlers, Steel, Metal, Alloy, Hardware, Fabricators, Production, and Skilled Maintenance Workers; Greater New York, Metropolitan Area, New York, and Vicinity (collectively, the "**Union**") or a representative of the Union regarding the WARN Notices, the impact of the Chapter 11 Case on outstanding obligations established under that certain Collective Bargaining Agreement, dated as of January 30, 2018, among the Union, the Corporation, and A.B.C. Oriental Carpets, Inc. (together with the Corporation, the "**Affiliates**") (as modified by (i) that certain Supplemental Memorandum of Agreement, dated as of August 5, 2019, by and between the Union and the Affiliates, and (ii) that certain Supplemental Memorandum of Agreement, dated February 11, 2021, by and between the Union and the Affiliates, the "**CBA**"), or any other matter that would be addressed by the Union in accordance with the CBA on account of the commencement of the Chapter 11 Case.

D.      **Retention of Professionals**

**WHEREAS**, the Board has considered presentations by the financial and legal advisors of the Corporation regarding the retention of advisors by the Corporation.

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the law firm of Greenberg Traurig, LLP ("**GT**") as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed with the Bankruptcy Court an appropriate application for authority to retain the services of GT;

**FURTHER RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of B. Riley Securities, Inc. ("**B. Riley**") as investment banker and financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed with the Bankruptcy Court an appropriate application for authority to retain the services of B. Riley;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a Stretto ("**Stretto**") as noticing and claims agent to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed with the Bankruptcy Court appropriate applications for authority to retain the services of Stretto;

**FURTHER RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or convenient; and

**FURTHER RESOLVED**, that each Authorized Signatory be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all motions, applications, and other papers to employ and retain all professionals and to take and perform any and all further acts and deeds that each Authorized Signatory deems necessary, proper, or desirable in connection with the Corporation's Chapter 11 Case, with a view to the successful prosecution of such case.

E. **Debtor in Possession Financing and Use of Cash Collateral**

**NOW, THEREFORE, BE IT RESOLVED**, that, in connection with the commencement of the Chapter 11 Case, each of the Authorized Signatories, is authorized and directed to seek approval of an order or orders authorizing the incurrence of postpetition debtor-in-possession financing, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Corporation, necessary to implement such orders, as well as any additional or further agreements for the use of cash collateral in connection with the Corporation's Chapter 11 Case, which agreement(s) may require the Corporation to grant liens to the Corporation's existing lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof, subject to Bankruptcy Court approval.

**FURTHER RESOLVED**, that the Authorized Signatories be, and each hereby is, authorized, directed and empowered in the name and on behalf of the Corporation, to negotiate, execute and deliver an agreement for post-petition senior secured debtor-in-possession financing ("**DIP Financing**") of up to $6,120,000 from 888 Capital Partners, LLC ("**888 Capital Partners**"), subject to the terms and conditions set forth by the Bankruptcy Court in interim and final orders approving such financing, and the Authorized Signatories are authorized to take any and all action to consummate the DIP Financing.

F. **Sale of All or Substantially All Assets**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Signatories be, and each hereby is, authorized, directed and empowered to (i) enter into negotiations with any interested parties regarding a purchase of any or all of the assets of any or all of the Corporation (a "**Sale**"); (ii) execute and deliver an agreement providing for such Sale; (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; (iv) if the Authorized Signatories deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Sale; (v) organize and manage a sales process for such assets that is determined in the Authorized Signatories' reasonable judgment, in consultation with the financial and legal advisors of the Corporation, which may take the form of an auction or any other process, and which may include the identification of a stalking horse bidder.

**FURTHER RESOLVED**, that the Authorized Signatories be, and each hereby is, authorized, directed and empowered in the name and on behalf of the Corporation, to select 888 Capital Partners to serve as the "Stalking Horse Bidder" in connection with the Sale, and to negotiate, execute and deliver an Asset Purchase Agreement ("**APA**") with 888 Capital Partners which shall serve as the base by which other offers from interested parties may be measured, and the Authorized Signatories are authorized to take any and all action necessary to consummate the APA.

G.      **Chapter 11 Plan**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Signatories of the Corporation be, and each hereby is, authorized, directed and empowered to prepare a plan of reorganization or liquidation for the consideration and approval of creditors and the Bankruptcy Court.

H.      **Clearance and Consignment Sales**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Signatories be, and each hereby is, authorized, directed and empowered in the name of, and on behalf of, the Corporation, to conduct clearance and consignment sales as is determined to be necessary, including entering into a consulting agreement with B. Riley Retail Solutions, LLC to represent and assist the Corporation in operating and managing the clearance and consignment sales as is determined to be necessary; and in connection therewith, each of the Authorized Signatories, is hereby authorized and directed to execute appropriate consulting agreements, pay appropriate retainers, and to cause to be filed appropriate motions or applications for authority to conduct the clearance and consignment sales and to retain the services of B. Riley Retail Solutions, LLC.

I.      **General Resolutions**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Signatories of the Corporation be, and each hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments and certificates and to take such other actions as may be necessary, proper or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

**FURTHER RESOLVED**, that the Board has received sufficient notices of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation and under the BCL, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that the Board hereby irrevocably waives notice of the time, place, and purpose of the meeting and any adjournments thereof, to the extent such notice is required by the organizational documents of the Corporation or the BCL;

**FURTHER RESOLVED**, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Corporation by any officer, director or other Authorized Signatory of the Corporation in connection with or related to the matters set forth or contemplated by the foregoing resolutions be, and hereby are, approved, ratified, adopted and confirmed in all respects as if such actions had been presented to the Board for approval prior to such actions being taken; and

**FURTHER RESOLVED**, that each Authorized Signatory of the Corporation is hereby authorized to certify to third parties with respect to the adoption of these resolutions in the form and substance satisfactory to such party.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned members of the Board hereby acknowledge that they have voted in favor of the foregoing resolutions, other than the resolution approving the employment of a noticing and claims agent, on which such resolution Deirdre O'Connor abstained from voting and Aaron Rose voted in favor, as of the date first set forth above.

_____
Deirdre O'Connor

_____
Aaron Rose

[SIGNATURE PAGE – AUTHORIZING RESOLUTION]

**IN WITNESS WHEREOF**, the undersigned member of the Board abstains from voting on the foregoing resolutions as of the date first set forth above.

_____
Paulette Cole

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> A.B.C. HOME FURNISHINGS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 21-_____  (  ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interests.

*[Remainder of page is intentionally blank]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>A.B.C. HOME FURNISHINGS, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 21-_____ (   ) |

**LIST OF EQUITY SECURITY HOLDERS**

| Name | Address | Type/Class of Stock Held | Number of Shares Held | Percentage of Issued and Outstanding Shares |
|---|---|---|---|---|
| Paulette Cole | 888 Broadway<br>New York, NY 10003 | Class A Common | 0.67 | 0.67% |
| Article VII FBO Lena Cole Trust | 888 Broadway<br>New York, NY 10003 | Class A Common | 0.33 | 0.33% |
| Paulette Cole | 888 Broadway<br>New York, NY 10003 | Class B Common | 297 | 99.0% |

*[Remainder of page is intentionally blank]*

**Fill in this information to identify the case:**

Debtor name: A.B.C. Home Furnishings, Inc.
United States Bankruptcy Court for the: Southern District of New York
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.  *(On a consolidated basis)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Northern Trust** P.O Box 75965 Chicago, IL 60675-5965 | | Bank Debt | Contingent, Unliquidated, Disputed | | | $15,545,648.00 |
| 2 | **Mccreary Modern, Inc.** 2564 Hwy 321 South P.O. Box 130 Newton, NC 28658 | P: 828-464-6465 | Trade Claim | Contingent, Unliquidated, Disputed | | | $263,661.00 |
| 3 | **Ashoka Creations** 19 Dashahera Kothi Govind Nager, Amer Road Jaipur, 302002 India | P: 91-141-2631780 | Trade Claim | Contingent, Unliquidated, Disputed | | | $205,787.43 |
| 4 | **Art Palace** Fattupur Mondh Road Bhadohi, 221401 India | P: 915414227554 | Trade Claim | Contingent, Unliquidated, Disputed | | | $193,248.39 |
| 5 | **DFC HD, Inc.** 138 Arthur Street Garden City, NY 11530-3002 | P: 516-677-0350 | Professional Services (Delivery Services) | Contingent, Unliquidated, Disputed | | | $174,229.00 |
| 6 | **Step Halicilik** Tesvikiye Caddesi 101/2 Instanbul, 34365 Turkey | P: 90-212-327-0050 | Trade Claim | Contingent, Unliquidated, Disputed | | | $169,167.97 |
| 7 | **Presidio Networked Solutions Group** PO Box 677638 Dallas, TX 75267 | P: 469-549-3800 | Trade Claim | Contingent, Unliquidated, Disputed | | | $152,705.00 |
| 8 | **Meathway Contracting Inc.** 53-46 70th Street Maspeth, NY 11378 | P: | Professional Services (Contractor Services) | Contingent, Unliquidated, Disputed | | | $144,647.46 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims        page 1

Debtor    **A.B.C. Home Furnishings, Inc.**    Case number (*if known*) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Saberpoint, LLC**<br>300 East 55th Street<br>Suite 24B<br>New York, NY 10022 | | Professional Services (IT Vendor) | Contingent, Unliquidated, Disputed | | | $126,315.99 |
| 10 | **Alam Rugs**<br>Haneef Villa, Station Road<br>Bhadohi 221 401 , Up, 221401<br>India | | Trade Claim | Contingent, Unliquidated, Disputed | | | $119,040.50 |
| 11 | **Fried,Frank,Harris,Shriver & Jacobson LLP**<br>One New York Plaza<br>New York, NY 10004 | Lee Parks<br>P: 212-859-8000<br>lee.parks@friedfrank.com | Professional Services (Legal) | Contingent, Unliquidated, Disputed | | | $102,184.40 |
| 12 | **Anadol Rug Co**<br>1088 Huff Road<br>Atlanta, GA 30318 | P: 404-350-8558 | Trade Claim | Contingent, Unliquidated, Disputed | | | $101,944.99 |
| 13 | **Meathway Contracting Inc.**<br>53-46 70th Street<br>Maspeth, NY 11378 | | Professional Services (Contractor Services) | Contingent, Unliquidated, Disputed | | | $101,534.44 |
| 14 | **Frette Inc.**<br>15 West 37th Street<br>Suite 8Th Floor<br>New York, NY 10018 | | Licensee | Contingent, Unliquidated, Disputed | | | $98,574.99 |
| 15 | **Ryder Last Mile Inc.**<br>75 Remittance Drive<br>Dept. 6030<br>Chicago, IL 60675 | | Professional Services (Delivery Services) & Rent | Contingent, Unliquidated, Disputed | | | $98,209.80 |
| 16 | **Rococo Rug Company Inc.**<br>888 Main Street Suite 845<br>New York, NY 10044 | P: 212-933-1737 | Trade Claim | Contingent, Unliquidated, Disputed | | | $93,600.63 |
| 17 | **Highmark Technical & Chiller Serv.**<br>49 West 45th St.<br>6th Flr<br>New York, NY 10036 | | Professional Services (HVAC Maintenance) | Contingent, Unliquidated, Disputed | | | $83,317.02 |
| 18 | **Mobital Usa**<br>3201 Jules-Brillant<br>Laval, QC H7P-6C9<br>Canada | 514-335-0909 | Trade Claim | Contingent, Unliquidated, Disputed | | | $81,710.17 |
| 19 | **American Express Trs**<br>P.O. Box 1270<br>Newark, NJ 07101 | P: 800-492-3932 | Credit Card Services | Contingent, Unliquidated, Disputed | | | $79,316.00 |
| 20 | **Lahore Carpets Mfg Co**<br>3.5 K.M. Defenco Road<br>Off Raiwind Road<br>Lahore,  53700 Pakistan | P: 92427541280 | Trade Claim | Contingent, Unliquidated, Disputed | | | $78,428.27 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Saba Italia Srl** <br> Via Dell' IIndustria 17 <br> 35018 San Martino Di Lupari (Pd) <br> San Martinodilupatri, 35018 <br> Italy | P: +39 049 5951767 | Trade Claim | Contingent, Unliquidated, Disputed | | | $78,185.00 |
| 22 | **Taracea** <br> 6619 South Dixie Highway #338 <br> Miami, FL 33143 | P: 305-271-0508 | Trade Claim | Contingent, Unliquidated, Disputed | | | $75,765.00 |
| 23 | **Allstar Security & Consulting Inc.** <br> 1441 Broadway, 17th Fl. <br> New York, NY 10018 | P: 212-616-7031 | Professional Services (Security Services) | Contingent, Unliquidated, Disputed | | | $74,955.54 |
| 24 | **Costikyan Workroom Inc.** <br> 37-11 48th Avenue <br> Long Island City, NY 11101 | | Trade Claim | Contingent, Unliquidated, Disputed | | | $73,742.45 |
| 25 | **Fabric Inc.** <br> 10400 Ne 4th St, Ste 500 <br> Bellevue, WA 98004 | P: 425-298-3167 | Professional Services (E-commerce development) | Contingent, Unliquidated, Disputed | | | $72,084.00 |
| 26 | **Bilsa S.A.** <br> Avenue Des Cerisiers, 15 <br> Bruxelles 1030 <br> Belgium | P: 328365886 | Trade Claim | Contingent, Unliquidated, Disputed | | | $71,700.00 |
| 27 | **Fenwick & West Llp** <br> P.O. Box 742814 <br> Los Angeles, CA 90074-2814 | P: 650-428-4422 | Professional Services (Legal) | Contingent, Unliquidated, Disputed | | | $66,932.64 |
| 28 | **Rug And Kilim (Consign)** <br> Nazmiyal & Sons Inc <br> 25-18 40Th Ave. <br> Long Island City, NY 11101 | P: 212-829-9995 | Trade Claim | Contingent, Unliquidated, Disputed | | | $66,399.38 |
| 29 | **Bereket Halicilik Ltd.** <br> Peykhane Cad. No. 46 <br> Giris Kat Cemberlitas <br> Istanbul <br> Turkey | | Trade Claim | Contingent, Unliquidated, Disputed | | | $64,303.17 |
| 30 | **Mohawk Carpet Corp** <br> Mohawk Factoring Inc <br> 160 South Industrial Blvd. <br> Calhoun, GA 30701 | | Trade Claim | Contingent, Unliquidated, Disputed | | | $63,773.33 |

**Fill in this information to identify the case and this filing:**

Debtor Name  A.B.C. Home Furnishings, Inc.

United States Bankruptcy Court for the:  Southern  District of  New York
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐  *Schedule H: Codebtors* (Official Form 206H)
- ☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐  Amended *Schedule* ____
- ☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒  Other document that requires a declaration  Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/08/2021          ✘  /s/ Aaron Rose
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                 Aaron Rose
                                 Printed name

                                 Chief Executive Officer
                                 Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**